UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
BRIAN E. McDERMOTT,

                                      Plaintiff,

      v.                                                     6:11-CV-1059
                                                              (MAD/ATB)

ZEBRA CICCONI and
DAVID A. STALLONE, Supt.,

                                      Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
BRIAN E. McDERMOTT
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed *in forma pauperis* (IFP), filed by *pro se* plaintiff, Brian E. McDermott. (Dkt. Nos. 1, 2).

**I.**    *In Forma Pauperis* **(IFP) Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). In his application, plaintiff states that he is not employed and has no money or assets from any sources. (Dkt. No. 2). Plaintiff states that his last employment date was August 23, 2011, and that he was working for AdvantageRN, an Ohio company. (Dkt. No. 2 at ¶ 2(b)). Plaintiff states that he received $ 726.00 for the pay period ending August 27, 2011, but that he has no checking or savings accounts. (*Id.*) Plaintiff's only dependent is his wife. (*Id.* ¶ 6). After reviewing plaintiff's application, this court finds that he meets the financial criteria for proceeding without the payment of fees for purposes of this recommendation.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.    Complaint

In his complaint, plaintiff alleges that he worked as a nurse at Cayuga Correctional Facility (CCF), a facility within the New York State Department of Corrections and Community Supervision ("DCCS").[1] On April 11, 2011, plaintiff states that he submitted a "Work Place [sic] Harassment Complaint" to defendant Ciccioni. (Compl. ¶ 4; Dkt. No. 1 & Pl.'s Ex. I). Plaintiff states that on April 12, defendant Cicconi made plaintiff sign two probationary employee evaluations, at the same time, allegedly contrary to DCCS personnel policy. Plaintiff states that one evaluation was a "6 week" evaluation, and the other was a "10 week" evaluation. (*Id.* & Pl.'s Exs. II – III).

Plaintiff claims that both of these evaluations were late, and the second evaluation was full of allegations of undocumented and unsubstantiated misconduct against plaintiff. (*Id.* & Pl.'s Ex. II). Plaintiff states that defendant Cicconi's purpose in issuing these poor performance evaluations was to retaliate against plaintiff for his April 11, 2011 harassment complaint. (*Id.*) As a result, plaintiff resigned from his employment at Cayuga Correctional Facility on May 4, 2011. (Compl. Ex. V; Pl.'s Ltr.

---

[1] Although plaintiff refers to the Department as DOCS, on April 1, 2011, the New York State Department of Correctional Services ("DOCS") and the New York State Division of Parole were merged into one agency, named the New York State Department of Corrections and Community Supervision. The court will refer to the department with its new acronym.

of Resignation). Plaintiff also alleges that, on May 12, 2011, after plaintiff's resignation, defendant Stallone took the unprecedented step of posting a picture of plaintiff in the lobby of the facility, warning that plaintiff was not allowed past the lobby. (*Id.* & Pl.'s Ex. IV; Memorandum to Lobby Officer)).

The complaint contains two "Causes of Action." (Compl. ¶ 5). The "First Cause of Action" states that defendant Ciccone violated the "NYS DOCS Employee Service Manual" when she made plaintiff sign two evaluations on the same date, subsequent to his filing a complaint of workplace harassment. Plaintiff's "Second Cause of Action" states that defendant Stallone violated plaintiff's rights when he posted plaintiff's picture on the wall, banning plaintiff from the facility, for everyone to see, also in retaliation for plaintiff's harassment complaint.[2]

Plaintiff seeks substantial monetary relief "for ten years of employment had Plaintiff not been harassed and forced to resign after Retaliation to a Whistleblower." (Compl. ¶ 6).

## III.  Whistleblower Protection Act

Plaintiff cites as his basis for jurisdiction, the federal Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). Congress passed the Whistleblower Protection Act in order to provide "*federal* employees with the right to seek corrective action from the [Merit Systems Protection Board] whenever a personnel action has been taken in retaliation for certain whistleblowing activities." *Mulero Abreu v. Oquendo-Rivera*, 729 F. Supp. 2d 498, 523-24 (D.P.R. 2010) (quoting *Fields v. DOJ*, 452 F.3d 1297,

---

[2] The plaintiff's allegation that they posted his picture in the lobby is related to his retaliation claim and does not appear to be a separate action challenging the use of his photograph.

4

1302 (Fed. Cir. 2006)) (emphasis added).  Plaintiff in this case is not a federal employee, and therefore, this whistleblower legislation does not apply to him.  Federal jurisdiction for this action may not be based upon the federal statute he cites in the complaint.

**IV.   Alternative Bases for Jurisdiction**

The court notes that plaintiff raises only the federal Whistleblower Protection Act as his basis for federal jurisdiction, and the case could be dismissed for that reason alone.  The court must keep in mind, however, that when a plaintiff proceeds *pro se*, particularly when he or she claims violations of civil rights, the pleadings must be construed with great liberality.  *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted).  The court must interpret the pleadings to raise the strongest arguments they suggest.  *McPherson v. Coombe*, 174 F.3d 276, 279 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  Thus, the court will examine other possible bases for plaintiff's complaint.

    **A.   Other Federal Whistleblower Statutes**

There are several federal statutes prohibiting retaliation against whistleblowers, each of which is applicable to a specific type of individual or misconduct. *See, e .g.*, 5 U.S.C. § 1221 (protecting federal employees from certain types of retaliation); 12 U.S.C. § 1441a(q) (protecting those reporting misconduct by the FDIC or the Thrift Depositor Protection Oversight Board); 18 U.S.C. § 1513(e) (Sarbanes Oxley provision for those who report corporate fraud); 31 U.S.C. § 3730(h) (False Claims Act whistleblower provision); 33 U.S.C. § 1367 (protecting employees who report

violations of Clean Water Act). Clearly, none of these statutes apply in plaintiff's stated factual situation.

### B. Federal Employment Statutes

There are other federal employment statutes that prevent retaliation for making complaints. *See e.g.* 42 U.S.C. § 2000e-3(a) (Title VII). Title VII prohibits discrimination based upon membership in a "protected class." 42 U.S.C. § 2000e-2(a). Title VII also forbids an employer from discriminating against an employee because he or she has made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding or hearing. *Id.* In order to state a claim under Title VII, the plaintiff must show, among other factors, that he participated in a protected activity, defendant knew about that activity, and that there is a causal connection between the protected activity and an adverse employment action. *See Jute v. Hamilton Sustrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). Participation in a protected activity includes expressing opposition to employment practices that are "unlawful under Title VII." *Swift v. Countrywide Home Loans, Inc.*, 770 F. Supp. 2d 483, 489 (E.D.N.Y. 2011).

In this case, although plaintiff labeled his internal employment complaint "Harassment/Hostile Work Environment," which sounds like a claim for employment discrimination under Title VII, plaintiff was not complaining about discrimination based upon race, color, religion, sex, or national origin. A review of plaintiff's complaint shows that he alleged he was harassed for being too slow, taking too long with a patient, and improperly handling paperwork. (Compl. Pl.'s Ex. I). He does not

6

claim that he is a member of a protected group. He does not claim that his resignation was in any way related to complaints about violations of Title VII. Rather, he complained about his work environment in general, apparently related to the rudeness of his supervisors.[3] Thus, plaintiff does not state a claim under Title VII.

### C.     First Amendment

The federal constitution also prohibits retaliation against adverse employment actions based upon protected speech. *See e.g. Singh v. City of New York*, 524 F.3d 361, 372 (2d Cir. 2008). Such a claim would be brought under 42 U.S.C. § 1983. *Id.* However, in order to state a First Amendment claim, the plaintiff would first have to show that his speech addressed a matter of "public concern." *Id.* A matter is of public concern when it relates to matters of political, social, or other community concerns. *Id.* (citing *Connick v. Myers*, 461 U.S. 138, 146 (1983)). Matters of public concern involve an employee speaking as a citizen, and not as an employee, who is only complaining about a personnel decision. *Id.* Personal grievances are not protected under the First Amendment. *Id.*

In this case, plaintiff's internal complaint was clearly a personal grievance, complaining about how he was being treated at work. There was no matter of "public concern" involved in his "harassment" complaint. Thus, he may not bring an action, claiming First Amendment violations under section 1983.

---

[3] The court would also point out that before bringing an action under Title VII, plaintiff would be required to exhaust his administrative remedies and obtain a "right to sue" letter. *See McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 214 (2d Cir. 2006) (requirements of a Title VII action in federal court).

7

D.   **New York Statutes**

New York State has a whistleblower statute that is specifically applicable to public employees.[4] *See* N.Y. Civ. Serv. Law § 75-b. However, this section does not apply to plaintiff's situation. Section 75-b provides that

> 2(a) A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action

N.Y. Civ. Serv. Law § 75-b(2)(a). Section 75-b only applies as a defense to disciplinary charges and does not permit the plaintiff to bring a separate claim for damages such as plaintiff is attempting to do in this case. *See Dibiase v. Barber*, No. CV 06-5355, 2008 WL 4455601, at *9 (E.D.N.Y. Sept. 30, 2008) (citing *Perfetto v. Erie County Water Auth.*, No. 03-CV-439, 2006 WL 1888556, at *5 (W.D.N.Y. July 7, 2006)). Thus, plaintiff cannot base any action on the above state law sections.

Even assuming that plaintiff could state a claim under some New York State statute, there would be no jurisdiction in federal court for such an action. There is clearly no diversity of citizenship, sufficient to assert jurisdiction under 28 U.S.C. § 1332. The other basis for jurisdiction is "federal question" under 28 U.S.C. § 1331.

---

[4] The other whistleblower statute does not apply to public employer, and thus, plaintiff could not make use of that law as a basis for his claims. *See Dibiase v. Barber*, No. CV 06-5355, 2008 WL 4455601, at *5 (E.D.N.Y. Sept. 30, 2008) (citing N.Y. Labor Law § 740); *Balduzzi v. City of Syracuse*, No. 96 Civ. 824, 1997 WL 52434, at *3-4 (N.D.N.Y. Feb. 4, 1997) (section 740 applies only to employees in the private sector).

A well-pleaded complaint may allege federal question jurisdiction by either asserting a federal cause of action or presenting state claims that "'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

In this case, plaintiff's complaint is anything but well-pleaded, and the court is only speculating regarding the types of claims that plaintiff could be attempting to bring because of the liberality with which *pro se* plaintiffs are treated. After a review of the complaint and the potentially applicable law, this court finds that plaintiff's complaint does not state a claim, nor can a federal claim be stated based upon plaintiff's disagreement with the personnel action taken against him, regardless of the fact that his supervisor made him sign two performance evaluations in one day, and even if that action was in violation of the DCCS policy manual. Thus, although plaintiff may meet the financial criteria for IFP status, his complaint may be dismissed under section 1915(e)(2)(B)(ii) for failure to state a claim.

## V.   **Opportunity to Amend**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds

9

that any attempt of the plaintiff to amend this complaint would be futile, and she would still be unable to state a federal claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of filing only, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED** *SUA SPONTE* **WITH PREJUDICE** pursuant to 29 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, the court further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: September 20, 2011

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge