**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRIAN E. MCDERMOTT,**

                              **Plaintiff,**

    vs.                                                     **6:11-cv-1059**
                                                                  **(MAD/ATB)**

**ZEBRA CICCONI and DAVID A. STALLONE,**
**Supt. of CCF, NYS DOCS,**

                              **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**BRIAN E. MCDERMOTT**
P.O. Box 1944
Utica, New York 13501
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

On September 7, 2011, the Court received for filing a *pro se* complaint and *in forma pauperis* application. In his complaint, Plaintiff claims that Defendants violated his rights pursuant to the federal Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). *See* Dkt. No. 1. Specifically, in his complaint, Plaintiff alleges that he worked as a nurse at the Cayuga Correctional Facility ("CCF"), a facility within the New York State Department of Corrections and Community Supervision ("DOCCS").[1] On April 11, 2011, Plaintiff claims that he submitted a work-place "[h]arassment" complaint to Defendant Cicconi. *See id.* at ¶ 4. In this

---

[1] The Court notes that, on April 1, 2011, the New York State Department of Correctional Services ("DOCS") and the New York State Division of Parole were merged into one agency, named the New York State Department of Corrections and Community Supervision. Since the relevant conduct alleged in the complaint occurred after the merger, the Court will refer to DOCCS.

"[h]arassment" complaint, Plaintiff alleged that Nurse Shirleen Tratt had been verbally harassing her on a "continual basis" and that she criticized him "for being too slow" in performing his duties. *See id.* at Exhibit "I."

Thereafter, Plaintiff claims that, on April 12, 2011, Defendant Cicconi made him sign two probationary employee evaluations, at the same time, which is allegedly contrary to DOCCS personnel policy. *See id.* at ¶ 4. Plaintiff asserts that both of these evaluations, one of which was a "6 week" evaluation and the other a "10 week" evaluation, were late and that the second evaluation contained allegations of undocumented and unsubstantiated misconduct against him. *See id.* at ¶ 4 and Exhibit "II." Plaintiff claims that Defendant Cicconi's purpose in issuing these poor performance evaluations was to retaliate against him for his April 11, 2011 harassment complaint. *See id.* As a result of these incidents, Plaintiff alleges that he resigned from his employment on May 4, 2011. *See id.* at ¶ 4 and Exhibit "V." Finally, Plaintiff claims that, on May 12, 2011, after he resigned, Defendant Stallone took the unprecedented step of posting his picture in the lobby of the facility, warning that Plaintiff was not allowed to enter the facility. *See id.*

Plaintiff's complaint contains two causes of action. *See id.* at ¶ 5. The first cause of action stated that Defendant Ciccone violated the "NYS DOCS Employee Service Manual" when she made Plaintiff sign two evaluations on the same date, subsequent to his filing a work-place harassment complaint. *See id.* Next, in the second cause of action, Plaintiff claims that Defendant Stallone violated his rights when he posted Plaintiff's picture on the wall, banning him from the facility, which was in retaliation for Plaintiff's work-place harassment complaint. *See id.*

In an Order and Report-Recommendation dated September 20, 2011, Magistrate Judge Baxter recommended that the Court grant Plaintiff's *in forma pauperis* application for filing

purposes only and *sua sponte* dismiss with prejudice the complaint pursuant to 29 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See* Dkt. No. 4. Initially, Magistrate Judge Baxter found that Plaintiff's claim brought pursuant to the federal Whistle Blower Act must fail because he was not a federal employee, thereby making this legislation inapplicable to him. *See id.* at 4-5. Then, considering Plaintiff's *pro se* status, Magistrate Judge Baxter reviewed other possible bases for his complaint. *See id.* at 5-9. First, Magistrate Judge Baxter recommended that the Court find that none of the other federal whistleblower statutes are applicable to the type of misconduct or individual in the present matter. *See id.* at 5-6. Second, Magistrate Judge Baxter considered the viability of Plaintiff's complaint under Title VII. *See id.* at 6-7. He found that such a claim would also fail because Plaintiff does not claim that he is a member of a protected group or that his resignation was in any way related to complaints about Title VII violations. *See id.* at 6-7.[2] Next, Magistrate Judge Baxter found that Plaintiff's claims would fail as First Amendment retaliation claims because Plaintiff's speech did not address a matter of public concern. *See id.* at 7. Finally, Magistrate Judge Baxter recommended that the Court find that any possible state-law causes of action would fail both on the merits and because there would be no basis for the Court to exercise jurisdiction over such a state-law claim. *See id.* at 8-9.

On September 26, 2011, Plaintiff filed a letter which addressed Magistrate Judge Baxter's Order and Report-Recommendation.[3] *See* Dkt. No. 5. In his letter, Plaintiff does not argue that Magistrate Judge Baxter erred in his analysis, but asks that the Court permit him to withdraw his

---

[2] Magistrate Judge Baxter also pointed out that, before bringing an action under Title VII, Plaintiff would be required to exhaust his administrative remedies and obtain a "right to sue" letter. *See* Dkt. No. 4 at n.3 (citation omitted).

[3] Although not labeled as such, the Court has treated Plaintiff's September 26, 2011 letter not as objections to Magistrate Judge Baxter's Order and Report-Recommendation, but as a notice of withdrawal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

complaint, without prejudice, so that he "may find a statute for which there was a violation," and then recommence this action with legal counsel. *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Rule 41(a) of the Federal Rules of Civil Procedure provides, in relevant part, that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41(a) further provides that unless the notice provides otherwise, "the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Recently, the Second Circuit observed that "a plaintiff who has not been served with an answer or motion for summary judgment has an 'unfettered right voluntarily and unilaterally to dismiss an action.'" *Wolters Kluwer Fin. Servs. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (quoting *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979)). The *Wolters* court further observed that "dismissal of a suit may be disruptive and annoying, but it is permitted by the rules. . . ." *Id.* The Second Court noted that "'[p]laintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. [But as] long as the plaintiff has brought himself within the requirements of Rule 41,

4

his reasons for wanting to [dismiss] . . . are not for us to judge.'" *Id.* (quoting *Thorp*, 599 F.2d at 1177 n.10).

In light of the Second Circuit's holding in *Wolters*, the Court finds that Plaintiff has the right pursuant to Rule 41(a) to withdraw his complaint voluntarily since neither an answer nor a motion for summary judgment has been filed. Moreover, even if this right was not absolute, the Court would still find that dismissal without prejudice is appropriate in light of Plaintiff's *pro se* status and the fact that the Court is not convinced that any amendment to the complaint would be futile.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's September 20, 2011 Order and Report-Recommendation is **REJECTED as moot**; and the Court further

**ORDERS** that the complaint is **DISMISSED without prejudice** pursuant to Plaintiff's request for voluntary dismissal; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date: October 12, 2011
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

5